**This order is SIGNED.**

Dated: January 3, 2019



**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

*sip*

*Prepared and Submitted by:*

George Hofmann (10005)
Patrick E. Johnson (10771)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300

Proposed attorneys for Sorenson Media, Inc.

---

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 18-27740 (WTT) |
|---|---|
| SORENSON MEDIA, INC., | Chapter 11 |
| Debtor. | |

### ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO IMPLEMENT KEY EMPLOYEE RETENTION PLAN AND TO PAY PLAN THROUGH COLLATERAL SURCHARGE

The matter before the Court is the Debtor's *Motion for Order for Authority to Implement Key Employee Retention Plan and to Pay Plan through Collateral Surcharge* (the "Motion") (Dkt. 166). The Court conducted a hearing on the Motion on December 17, 2018. Appearances of counsel were noted on the record at the hearing.

{00416851.DOCX /}

Based on the Court's review and consideration of the Motion, the arguments of counsel made on the record at the hearing, and other relevant matters of record in this case, THE COURT HEREBY FINDS AND CONCLUDES that notice of the hearing was sufficient and proper under the circumstances and that the Debtor has shown good cause for granting the relief requested in the Motion.

ACCORDINGLY, THE COURT HEREBY ORDERS AS FOLLOWS:

1. The Motion is granted; and

2. The Debtor is authorized to pay Key Employees[1] a percentage of a portion of the sale proceeds (the "KERP Payment") following the closing a sale of the Debtor's assets pursuant to 11 U.S.C. § 363, an auction or similar process (the "Sale").

3. The KERP Payment shall be calculated by applying the percentage of 9.713% (the "Overall Percentage") to the difference between (a) the gross sales price of a Sale transaction, and (b) $4,000,000, *provided, however*, that the Debtor shall not pay a Key Employee the KERP Payment if the employee is not employed by the Debtor at the time of the Closing of the Sale transaction, and, *provided, further*, that, with the written consent of JLS, the Debtor shall have discretion to pay a Key Employee the KERP Payment if the employee was terminated prior to the closing of the Sale transaction.

4. The respective proposed percentages payable to each individual employee, which totals the Overall Percentage, will be calculated by reference to the

---

[1] Capitalized terms used in this Order but not defined herein shall have the meanings ascribed to such terms in the Motion.

Debtor's pre-bankruptcy employee stock option program, which has been discontinued in light of the Debtor's bankruptcy filing.

5. For clarification, and by way of example, assuming a hypothetical Sale that generated a sale price of $15,000,000, the difference would equal $11,000,000. In this scenario, employees as a whole would receive a total KERP Payment of $1,068,375 ($11,000,000 x .09713).

6. The KERP Payment shall be paid from the proceeds of JLS' collateral, provided, however, that if the sale price is made by a credit bid, then the purchaser shall pay the KERP Payment in addition to the credit bid.

-------------------------------------END OF ORDER----------------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO IMPLEMENT KEY EMPLOYEE RETENTION PLAN AND TO PAY PLAN THROUGH COLLATERAL SURCHARGE** shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of the record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- Michael Ronald Brown    mbrown@parsonsbehle.com
- T. Edward Cundick    tec@princeyeates.com, docket@princeyeates.com;pam@princeyeates.com
- Tim Dance    tdance@swlaw.com, docket_slc@swlaw.com;snielsen@swlaw.com;bhatch@swlaw.com
- Debra A. Dandeneau    debra.dandeneau@bakermckenzie.com, lori.seavey@bakermckenzie.com
- Frank Grese    frank.grese@bakermckenzie.com
- George B. Hofmann    ghofmann@cohnekinghorn.com, dhaney@cohnekinghorn.com;mparks@cohnekinghorn.com
- Phillip M. Hudson
- Michael R. Johnson    mjohnson@rqn.com, docket@rqn.com;dburton@rqn.com
- Patrick E Johnson    pjohnson@cohnekinghorn.com, jdannenmueller@cohnekinghorn.com
- Jacob M. Kaplan
- David E. Leta    dleta@swlaw.com, wkalawaia@swlaw.com;csmart@swlaw.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Ellen E Ostrow    eeostrow@hollandhart.com, intake-team@hollandhart.com;lahansen@hollandhart.com
- Ira A. Reid
- Mark C. Rose    mrose@mbt-law.com, markcroselegal@gmail.com
- Joseph R. Sgroi    jsgroi@honigman.com
- Engels Tejeda    ejtejeda@hollandhart.com, tjones@hollandhart.com,slclitdocket@hollandhart.com,intaketeam@hollandhart.com
- Jeff D. Tuttle    jtuttle@swlaw.com, jpollard@swlaw.com;docket_slc@swlaw.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Brent D. Wride    bwride@rqn.com, docket@rqn.com;pbrown@rqn.com

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

| | |
|---|---|
| Cheylynn Hayman<br>Parr Brown Gee & Loveless<br>101 South 200 East<br>Suite 700<br>Salt Lake City, UT 84111 | Phillip Hudson<br>Saul Ewing Arnstein & Lehr LLP<br>200 S. Biscayne Boulevard, Suite 3600<br>Miami, FL 33131 |

    */s/ Patrick Johnson*