George Hofmann (10005)
Patrick E. Johnson (10771)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300

Attorneys for Sorenson Media, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 18-27740 (WTT) |
|---|---|
| SORENSON MEDIA, INC., | Chapter 11 |
| Debtor. | |

### DEBTOR'S MOTION FOR AUTHORITY TO RETAIN AND COMPENSATE INTERNATIONAL INTELLECTUAL PROPERTY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Sorenson Media, Inc. (the "Debtor" or "SMI"), debtor and debtor in possession in the above-captioned bankruptcy case, through its undersigned proposed counsel, pursuant to the provisions of 11 U.S.C. §§ 105(a), 327 , 330 and 331 hereby moves the court  (the "Motion") for the entry of an order authorizing the Debtor to retain and compensate international intellectual property professionals used by the Debtor in the ordinary course of business.  In support hereof, the Debtor respectfully represents as follows:

### JURISDICTION AND GENERAL BACKGROUND

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on October 16, 2018.

5. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed, but an official committee of creditors has been established and is represented by counsel.

**ORDINARY COURSE PROFESSIONALS, RELIEF REQUESTED AND PROCEDURES**

*I.    Ordinary Course Professionals*

7. Prior to the Petition Date, the Debtor customarily retained the services of various attorneys and other professionals to represent it in matters relating to the filing and maintenance of its international patents and trademarks.  These services were provided in the ordinary course of its business, were generally of a routine, ministerial or administrative nature, and were unrelated to this chapter 11 case (the "Ordinary Course Professionals").  A list of the Debtor's Ordinary Course Professionals is attached as Exhibit A to this Motion.

8. The Ordinary Course Professionals are foreign patent and trademark counsel hired by the Debtor to prosecute, maintain and perfect patent and trademark applications and rights in various countries.  Payment of these professionals and the

related intellectual property application and administrative filing fees are necessary to maintain (and not forfeit) the Debtor's international intellectual property rights.

II.     *Relief Requested*

9.      By this Motion, the Debtor seeks authorization (a) to retain the Ordinary Course Professionals under Bankruptcy Code sections 105(a) and 327, without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional and (b) to pay the Ordinary Course Professionals under Bankruptcy Code sections 330 and 331 for *post-petition* services rendered and expenses incurred, subject to certain limits set forth below, without the necessity of additional Court approval.

10.     In contrast, the Debtor filed individual retention applications for professionals that the Debtor employed in connection with the conduct of this chapter 11 case (the "Chapter 11 Professionals").  The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and any other rules and orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

11.     Certain of the Ordinary Course Professionals may hold unsecured claims against the Debtor. Other than these relatively small general unsecured claims, the Debtor does not believe that any of the Ordinary Course Professionals have other interests that are materially adverse to the Debtor, its estate, creditors or shareholders and, thus, the Debtor seeks their continued retention.

### III.     Procedures

12.     The Debtor proposes that it be permitted to pay 100% of the fees and expenses to each of the Ordinary Course Professionals upon the submission to the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date up to amount not to exceed $5,000 per invoice (collectively, the "Ordinary Course Professional Cap").

13.     If the amount due any Ordinary Course Professional exceeds the Ordinary Course Professional Cap, then such Ordinary Course Professional shall submit copies of its monthly invoice exceeding the Ordinary Course Professional Cap, which invoice must summarize in reasonable detail the services rendered and expenses incurred in connection therewith (the "Monthly Invoices"), by hand, overnight delivery, or email on: (i) the Office of the United States Trustee for the District of Utah, Central Division, Attn: Laurie Cayton, 405 S Main Street # 300, Salt Lake City, UT 84111 (email: Laurie.Cayton@usdoj.gov); (ii) counsel to JLS Holdings, LLC, Attn: David Leta, Snell & Wilmer, 15 W. South Temple, Suite 1200, Salt Lake City, Utah 84111 (email: dleta@swlaw.com), and (iii) counsel to the Official Committee of Unsecured Creditors, Attn: Ellen Ostrow & Engels Tejeda, 222 South Main Street, Suite 2200, Salt Lake City, UT 84101 (email: eeostrow@hollandhart.com and ejtejeda@hollandhart.com) (collectively, the "Notice Parties").

14.     Any Notice Party may object to the payment of fees and expenses above the Ordinary Course Professional Cap by serving a written objection upon the Ordinary Course Professional, the Debtor, and the other Notice Parties within ten (10) days of receiving the Monthly Invoices.  The objection shall state the nature of the objection and

identify the amount of the fees or costs to which the objection is made. In the absence of any timely objection, the Debtor would be authorized to pay 100% of the fees and expenses above the Ordinary Course Professional Cap. All objections not resolved by the parties would be preserved and presented to the Court by the objecting party at the next scheduled hearing or a date otherwise agreeable to the involved parties.

## BASIS FOR RELIEF

15. The Debtor will continue to require the services of the Ordinary Course Professionals while operating as a debtor-in-possession under the Bankruptcy Code to enable the Debtor to maintain its international intellectual property rights. Prior to the Petition Date, the Debtor filed a number of international patent and trademark applications (the "Applications"). As the Applications progress through the approval process, the Debtor must pay fees and costs associated with the Applications that cannot be delayed as a result of the bankruptcy case.

16. Failure to pay the fees could result in termination or lapse of the Applications, which would harm the Debtor and the Estate because the Applications are an asset that would lapse without the payment of the corresponding fees. The Debtor could also lose its priority date for the Applications if they lapsed and was required to re-file new applications at a later date. Therefore, the Debtor cannot delay the payment of the fees and the Ordinary Course Professionals to maintain the Applications and pay the fees. In short, the work of the Ordinary Course Professionals, albeit ordinary course, is directly related to preserving the value of the Debtor's estate. The amount of fees and expenses incurred by the Ordinary Course Professionals represent only a small fraction of that value.

17. It would hinder the administration of the Debtor's estate if the Debtor was required (a) to submit to the Court an application, declaration and proposed retention order for each Ordinary Course Professional; (b) to wait until such order is approved before such Ordinary Course Professional continues to render services; and (c) to withhold payment of the normal fees and expenses of the Ordinary Course Professionals until they comply with the compensation and reimbursement procedures applicable to Chapter 11 Professionals.

18. Under such conditions, there is a significant risk that some Ordinary Course Professionals would be unwilling to provide services, and that others would suspend services pending a specific Court order authorizing the services. Since the fees related to the Applications must paid when due and monitoring the Applications is ongoing, any delay or need to replace professionals could have significant adverse consequences. For example, if the expertise and background knowledge of the Ordinary Course Professionals with respect to the Application for which they were responsible prior to the Petition Date were lost, the estate undoubtedly would incur additional and unnecessary expenses because the Debtor would be forced to retain other professionals without such background and expertise at potentially higher rates. The Applications may lapse during this time period. It is, therefore, in the best interests of the Debtor's estate to avoid any disruption to the professional services required in the day-to-day maintenance of the Applications.

19. In addition, requiring the Ordinary Course Professionals, which are all international entities, to file retention pleadings and participate in the payment approval process along with the Chapter 11 Professionals would unnecessarily burden the

Clerk's Office, the Court and the U.S. Trustee, while adding significantly to the administrative costs of this case without any corresponding benefit to the Debtor's estate.

20. Because the Ordinary Course Professionals' employment relates only indirectly to the Debtor's work, because the Ordinary Course Professionals are afforded only marginal discretion in performing their work, and because the Ordinary Course Professionals will not be involved in administering this chapter 11 cas, the Debtor does not believe that the Ordinary Course Professionals are "professionals" within the meaning of Bankruptcy Code section 327, whose retention must be approved by this Court.  *See, e.g.*, *In re Johns-Manville Corp.*, 60 B.R. 612, 619-20 (Bankr. S.D.N.Y. 1986) (clarifying that only those professionals involved in the actual reorganization effort, rather than the debtor's ongoing business, require approval under Bankruptcy Code section 327); *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981) ("[P]ersons in occupations ordinarily considered professions are not necessarily professionals whose retention by the estate requires court approval.  For the purposes of section 327(a), 'professional person' is limited to persons in those occupations which play a central role in the administration of the debtor proceeding."); *In re First Merchants Acceptance Corp.*, No. 97-1500, 1997 WL 873551 (D. Del. Dec. 15, 1997)

21. Courts consider the following factors in determining whether an entity is a "professional" within the meaning of Bankruptcy Code section 327 and, therefore, must be retained by express approval of the court:

    i. whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

    ii. whether the entity is involved in negotiating the terms of a plan of reorganization;

    iii. whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

    iv. whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

    v. the extent of the entity's involvement in the administration of the debtor's estate; and

    vi. whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*Id.* at 3.

22. The *First Merchants* criteria are consistent with those utilized by other courts when examining the types of duties to be undertaken by a "professional." *See Elstead v. Nolden* (*In re That's Entertainment Mktg. Group*), 168 B.R. 226, 230 (N.D. Cal. 1994) (only retention of professionals whose duties are central to administration of estate requires prior court approval under section 327); *In re Madison Mgmt. Group, Inc.*, 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) (section 327 approval not necessary for "one who provides services to debtor that are necessary whether petition was filed or not").

23. Nevertheless, in an abundance of caution, the Debtor seeks the relief requested in this Motion to avoid any later controversy about the Debtor's employing and paying the Ordinary Course Professionals during the pendency of the Chapter 11 Case. As discussed above, the Debtor has sought or will seek specific Court authority under Bankruptcy Code section 327 to employ any other professionals involved in the

actual administration of this Chapter 11 Case.

24. Relief similar to that sought herein has been granted in comparable chapter 11 cases elsewhere. *See In re PTC Alliance Corp.*, Case No 09-13395, Dkt. 288 (Bankr. D. Del. Nov. 23, 2009); *In re NV Broadcasting, LLC*, Case No. 09-12473, Dkt. 110 (Bankr. D. Del. Aug. 5. 2009); *In re AbitibiBowater, Inc.*, Case No. 09-11296, Dkt. 240 (Bankr. D. Del. May 14, 2009); *In re Nova Holding Clinton County, LLC*, Case No. 09-11081, Dkt. 70 (Bankr. D. Del May 1, 2009); *In re Midway Games Inc.*, Case No. 09-10465, Dkt. 142 (Bankr. D. Del. Mar. 10, 2009); *In re Pliant Corp.*, Case No. 09-10443, Dkt. 234 (Bankr. D. Del. Mar. 10, 2009); *In re Delphi Corp.*, Case No. 05-44481, Dkt. 869 (Bankr. S.D.N.Y. Nov. 4, 2005); *In re Winn-Dixie Stores, Inc.*, Case No. 05-11063, Dkt. 264 (Bankr. S.D.N.Y. Mar. 4, 2005); and *In re FiberMark, Inc.*, Case No. 04-10463, Dkt. 161 (Bankr. D. Vt. April 27, 2004).

25. For the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interests of the Debtor, its estate, and creditors.

**WHEREFORE**, the Debtor moves this Court to enter an order (a) authorizing the Debtor to retain the Ordinary Course Professionals without the necessity of a separate, formal retention application approved by this Court; (b) authorizing the Debtor to compensate the Ordinary Course Professionals for post-petition services rendered, subject to the limitations set forth above, without the necessity of additional Court approval; and (c) granting such other and further relief as is just and proper.

Dated: January 10, 2019.

                    **COHNE KINGHORN, P.C.**

                    /s/ Patrick E. Johnson
                    GEORGE HOFMANN
                    PATRICK E. JOHNSON

                    Attorneys for the Debtor

## Exhibit A

List of Ordinary Course Professionals

| NAME OF PROFESSIONAL | ADDRESS OF PROFESSIONAL | DESCRIPTION OF THE SERVICES TO BE RENDERED |
|---|---|---|
| KIM & CHANG | Jeongdong Building, 17F<br>21-15 Jeongdong-gil<br>Jung-gu<br>Seoul 04518<br>KOREA | Patent Counsel |
| NAM & NAM | KAL Bldg. 3rd Fl., 117<br>Seosomun-Ro, Jung-Gu,<br>Seoul 04515<br>KOREA | Patent Counsel |
| SHIGA INTERNATIONAL PATENT OFFICE | GranTokyo South Tower<br>1-9-2 Marunouchi<br>Chiyoda-ku, Tokyo<br>100-6620<br>JAPAN | Patent Counsel |
| NAKAMURA & PARTNERS | Shin-Tokyo Building, Room No. 616<br>3-1, Marunouchi 3-chome<br>Chiyoda-ku Tokyo<br>100-8355<br>JAPAN | Patent Counsel |
| HASELTINE LAKE LLP | Redcliff Quay<br>120 Redcliff Street<br>Bristol<br>UNITED KINGDOM<br>BS1 6HU | Patent Counsel |
| HOGAN LOVELLS | Paseo de los Tamarindos #150-PB<br>Bosques de las Lomas<br>Ciudad de México<br>05120 MÉXICO | Patent Counsel |
| LEE AND LI | 7F, No. 201, Tun Hua N. Road<br>Taipei 10508<br>TAIWAN, R. O. C. | Patent Counsel |
| GOWLING WLG (CANADA) LLP | 1 First Canadian Place,<br>100 King Street West, Suite 1600<br>Toronto, Ontario<br>M5X 1G5<br>CANADA | Trademark Counsel |
| BALDWINS INTELLECTUAL PROPERTY | Level 20, 157 Lambton Quay<br>Wellington 6011<br>NEW ZEALAND | Trademark Counsel |

{00418229.DOCX / 2}

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of January, 2019, the foregoing **DEBTOR'S MOTION FOR AUTHORITY TO RETAIN AND COMPENSATE INTERNATIONAL INTELLECTUAL PROPERTY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS** (the "Motion") was electronically filed with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that I caused to be served a true and correct copy of the Motion as follows:

**By Electronic Service**: The parties of record in this case, as identified below, are registered CM/ECF users and will be served a true and correct copy of the Motion through the CM/ECF system.

- Michael Ronald Brown    mbrown@parsonsbehle.com
- T. Edward Cundick    tec@princeyeates.com, docket@princeyeates.com;pam@princeyeates.com
- Tim Dance    tdance@swlaw.com, docket_slc@swlaw.com;snielsen@swlaw.com;ccole@swlaw.com
- Debra A. Dandeneau    debra.dandeneau@bakermckenzie.com, lori.seavey@bakermckenzie.com
- Frank Grese    frank.grese@bakermckenzie.com
- George B. Hofmann    ghofmann@cohnekinghorn.com, dhaney@cohnekinghorn.com;mparks@cohnekinghorn.com
- Phillip M. Hudson
- Michael R. Johnson    mjohnson@rqn.com, docket@rqn.com;dburton@rqn.com
- Patrick E Johnson    pjohnson@cohnekinghorn.com, jdannenmueller@cohnekinghorn.com
- Jacob M. Kaplan
- David E. Leta    dleta@swlaw.com, wkalawaia@swlaw.com;csmart@swlaw.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Ellen E Ostrow    eeostrow@hollandhart.com, intaketeam@hollandhart.com;lahansen@hollandhart.com
- Ira A. Reid
- Mark C. Rose    mrose@mbt-law.com, markcroselegal@gmail.com
- Joseph R. Sgroi    jsgroi@honigman.com
- Engels Tejeda    ejtejeda@hollandhart.com, tjones@hollandhart.com,slclitdocket@hollandhart.com,intaketeam@hollandhart.com
- Jeff D. Tuttle    jtuttle@swlaw.com, jpollard@swlaw.com;docket_slc@swlaw.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Brent D. Wride    bwride@rqn.com, docket@rqn.com;pbrown@rqn.com

By U.S. Mail: The parties listed below were served a true and correct copy of the Motion by regular United States mail, first class postage fully pre-paid, addressed as follows:

Cheylynn Hayman
Parr Brown Gee & Loveless
101 South 200 East
Suite 700
Salt Lake City, UT 84111

Phillip Hudson
Saul Ewing Arnstein & Lehr LLP
200 S. Biscayne Boulevard, Suite 3600
Miami, FL 33131


                                                    /s/ Patrick E. Johnson