**This order is SIGNED.**

Dated: February 15, 2019

*William T. Thurman*

**WILLIAM T. THURMAN
U.S. Bankruptcy Judge**



*PREPARED AND SUBMITTED BY:*

George Hofmann (10005)
Patrick E. Johnson (10771)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone: (801) 363-4300
Facsimile:  (801) 363-4378

Attorneys for Sorenson Media, Inc.

---

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>SORENSON MEDIA, INC.,<br><br>Debtor. | Bankruptcy No. 18-27740 (WTT)<br><br>Chapter 11 |

### ORDER APPROVING SALE CONCESSIONS IN CONNECTION WITH THE AUCTION AND SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS

THE COURT, having considered the motion (the "Motion") of Sorenson Media, Inc. (the "Debtor"), for an Order approving certain sale concessions described below which were negotiated between the Debtor, JLS Holdings, LLC ("JLS"), the Official Committee of Unsecured Creditors (the "Committee"), and Gracenote, Inc. ("Gracenote") pursuant to Bankruptcy Code §§ 363 and 506(c), and Fed. R. Bankr. P. 9019, and finding that notice is

{00425050.DOCX /}

appropriate and sufficient under the circumstances, and good cause appearing for the relief sought through the Motion, the Court hereby ORDERS that:

1. At the closing of the sale of the Debtor's assets to The Nielsen Company (US) LLC ("Nielsen"), Gracenote shall deliver a waiver and release any and all claims against the Debtor and its estate; including without limitation any administrative claims and alleged patent infringement claims.

2. The cash proceeds of the sale to Nielsen, in the amount of $11,250,000, shall be distributed as follows:

> i. $704,156 for the KERP payment (authorized and calculated pursuant to the Order Granting Debtor's Motion for Authority to Implement Key Employee Retention Plan and to Pay Plan through Collateral Surcharge [Docket No. 258]);
>
> ii. $150,000 (constituting the Professional Fee Carve Out Cap and the Wind-Down Amount in accordance with the Final Debtor in Possession Financing Order dated January 4, 2019 (the "Final Dip Order") [see Docket No. 263 at page 24]);
>
> iii. $150,000, which is a stipulated Bankruptcy Code § 506(c) surcharge for the benefit of the Debtor and its professionals (and may be paid in part by the Debtor to its professionals as additional retainers) for the administration of the Debtor's estate and the sale of the Debtor's remaining asset, its equity interest in Continuum Media Networks, Inc. ("Continuum");

      iv. $10,000, which is a stipulated Bankruptcy Code § 506(c) surcharge for the benefit of the Committee and its professionals (and may be paid in part to the Committee's professionals as additional retainers) in providing oversight of the Debtor's efforts to complete a sale of the Debtor's interest in Continuum;

      v. $10,235,844, which would be paid to JLS at closing of the sale to Nielsen in partial satisfaction of the existing JLS allowed secured claim.

3.     JLS has an additional, allowed, uncontested, senior secured claim in the amount of $10,000,000 (the "JLS Allowed Secured Claim").

4.     The Debtor and the Committee waive any and all claims against JLS.

5.     JLS waives any releases any claims against the Debtor, other than the JLS Allowed Secured Claim, including any potential deficiency claim and any unsecured claims.

6.     The Debtor and the Committee waive and release any and all claims against Continuum, subject to the closing of the sale of the Debtor's equity interest in Continuum.

7.     Upon the future sale of the Debtor's equity interest in Continuum, the sale proceeds shall be distributed as follows:

      i. The first $160,000 shall be paid to JLS in repayment of the Bankruptcy Code § 506(c) surcharges described in items 2(iii) and 2(iv) above;

      ii. Subject to repayment of the first $160,000 described above, JLS would waive an release any claim it may have to the remaining

       amounts paid to the Debtor as Bankruptcy Code § 506(c) surcharges described in items (c)(iii) and (c)(iv) above;

   iii. The balance of the Continuum sale proceeds shall be paid, as and when received, as follows;

      1. 30% to the Debtor's estate; and

      2. 70% to JLS in whole and partial satisfaction of the balance of the JLS Allowed Secured Claim, provided, however, that if the JLS Allowed Secured Claim is paid in full from this percentage distribution, then all of the remaining sale proceeds would be paid to the Debtor's estate.

### --- END OF ORDER ---

### DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER APPROVING SALE CONCESSIONS IN CONNECTION WITH THE AUCTION AND SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS** shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of the record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- Michael Ronald Brown     mbrown@parsonsbehle.com
- T. Edward Cundick     tec@princeyeates.com, docket@princeyeates.com;pam@princeyeates.com
- Tim Dance     tdance@swlaw.com, docket_slc@swlaw.com;snielsen@swlaw.com;csmart@swlaw.com
- Debra A. Dandeneau     debra.dandeneau@bakermckenzie.com, lori.seavey@bakermckenzie.com
- Frank Grese     frank.grese@bakermckenzie.com
- George B. Hofmann     ghofmann@cohnekinghorn.com, dhaney@cohnekinghorn.com;mparks@cohnekinghorn.com
- Phillip M. Hudson
- Michael R. Johnson     mjohnson@rqn.com, dock-et@rqn.com;dburton@rqn.com

- Patrick E Johnson    pjohnson@cohnekinghorn.com, jdannen-mueller@cohnekinghorn.com
- Jacob M. Kaplan
- David E. Leta    dleta@swlaw.com, wkala-waia@swlaw.com;csmart@swlaw.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Ellen E Ostrow    eeostrow@hollandhart.com, intake-team@hollandhart.com;lahansen@hollandhart.com
- Ira A. Reid
- Mark C. Rose    mrose@mbt-law.com, markcroselegal@gmail.com
- Joseph R. Sgroi    jsgroi@honigman.com
- Engels Tejeda    ejtejeda@hollandhart.com, tjones@hollandhart.com,slclitdocket@hollandhart.com,intaketeam@hollandhart.com
- Jeff D. Tuttle    jtuttle@swlaw.com, jpol-lard@swlaw.com;docket_slc@swlaw.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Brent D. Wride    bwride@rqn.com, docket@rqn.com;pbrown@rqn.com

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

Cheylynn Hayman
Parr Brown Gee & Loveless
101 South 200 East
Suite 700
Salt Lake City, UT 84111

Phillip Hudson
Saul Ewing Arnstein & Lehr LLP
200 S. Biscayne Boulevard, Suite 3600
Miami, FL 33131